**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **SUSAN G. WISE AND WADE WISE** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO.** <u>16-1266</u> |
| **LEXINGTON INSURANCE COMPANY** | § | |
| **AND DAN HENDRIXSON** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT LEXINGTON INSURANCE COMPANY'S
NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant LEXINGTON INSURANCE COMPANY ("Lexington") files its Notice of Removal to the United States District Court for the Western District of Texas, San Antonio Division, on the basis of diversity of citizenship and amount in controversy, and respectfully shows the following.

**I.**

**Factual Background**

1.     On or about November 8, 2016, Plaintiffs Susan G. Wise and Wade Wise ("Wise") filed their Original Petition in a case styled *Susan G. Wise and Wade Wise v. Lexington Insurance Company and Dan Hendrixson*, Cause No. 2016CI19503, pending in the 150th Judicial District Court for Bexar County, Texas.

2.     Lexington Insurance Company ("Lexington") received service of the Original Petition on November 15, 2016.  Defendants Lexington and Dan Hendrixson ("Hendrixson") filed their Original Answer to Plaintiffs' Original Petition on December 12, 2016.

3.     Lexington files this notice of removal within 30 days of this case becoming removable and within one year from the commencement of the action. *See* 28 U.S.C. §1446(b) and (c).

4.     Attached hereto are copies of the following documents:

- **Exhibit A:**  Index of State Court Clerk's file, including state court documents and State Court Docket Sheet;

- **Exhibit B:**  List of Parties and Counsel.

## II.

## Basis For Removal

5.     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

## Plaintiff and Lexington Are Diverse

6.     Upon information and belief, Plaintiffs, Susan G. Wise and Wade Wise, were residents of the state of Texas at the time the lawsuit was filed.

7.     Lexington is, and was at the time the lawsuit was filed, incorporated under the laws of the state of Delaware, with its principal place of business in Boston, Massachusetts.

8.     Co-Defendant Hendrixson, is not properly joined as a party to this lawsuit. Hendrixson, the non-diverse defendant, is a citizen of the state of Texas.

     **a.     Co-Defendant, Hendrixson, has been improperly joined in this lawsuit.**

9.     A party may establish improper joinder when it shows (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a state-law claim against the non-diverse defendant. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th

Cir. 2004), cert. denied, 544 U.S. 992 (2005); *Griggs v. State Farm Lloyd's*, 181 F.3d 694, 699

(5th Cir. 1999). Lexington would show that "there is no reasonable basis for the district court to

predict that the plaintiff[s] might be able to recover against an in-state defendant, individually,"

which is the test adopted by the Fifth Circuit in *Smallwood*. 385 F.3d at 573. Hendrixson, the

non-diverse defendant, never committed any torts in his individual capacity.

10. The Court may conduct the *Smallwood* test using a Rule 12(b)(6) analysis of the

Original Petition to determine whether Plaintiff states a claim, or the Court may use a summary

inquiry to identify discrete and undisputed facts that would preclude recovery. *See id.* The

failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a

failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut.*

*Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994). Additionally, "merely *pleading* a valid

state law claim . . . against the resident defendant [Hendrixson] does not mean that the joinder of

the resident defendant is not fraudulent . . . ." *Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538,

542 (5th Cir. 2004).

11. In the context of joinder of non-diverse insurance adjusters, the Southern District

previously required Plaintiff "to allege specific actionable conduct by the adjuster and to

distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against

the insurer." *Okenkpu v. Allstate Texas Lloyd's*, Civ. A. H-11-2376, 2012 WL 1038678 at *7

(S.D. Tex. Mar. 27, 2012) (citing *Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins.*

*Co.,* Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D.Tex. Jan.20, 2011).

11. Here, Plaintiffs fail to offer any specific facts in support of their claims against

Hendrixson, the non-diverse defendant, that are distinct from Plaintiffs' claims against

Lexington, and therefore fail to state a viable state law claim against Hendrixson, individually.

*See Okenkpu*, 2012 WL 1038678 at *7; *Keen v. Wausau Business Ins. Co.*, 875 F.Supp.2d 682 (S.D.Tex. 2012) (Harmon, J.) ("[W]hen an adjuster's actions 'can be accomplished by [the insurer] through an agent and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions 'are indistinguishable from [the insurer's] actions' and hence are insufficient to support a claim against the adjuster.") (citing *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 WL 240335, *14 (S.D. Tex. 2011)).

12.     Plaintiffs' allegations against Hendrixson are conclusory, in that they contain no reference to any material facts to which the law should apply. Aside from alleging that Hendrixson was assigned by Lexington to adjust the claim, Plaintiffs' only factual allegations that apply specifically to Hendrixson are the generic and conclusory allegations that Hendrixson: (1) improperly denied and/or underpaid the claim; (2) was assigned as the individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all damages that he noted during the inspection, and undervalued the damage he observed during the inspection; and (3) unreasonable investigation lead to the underpayment of Plaintiffs' claim. Just as in *Okenkpu* cited above, Plaintiffs' Original Petition "fails to specify any statements which Plaintiffs consider being misrepresentations or fraudulent, Plaintiffs do not identify when and where these statements were made or why they are fraudulent or misrepresentative." *Okenkpu*, 2012 WL 1038678 at *6.

13.     Briefly summarizing statutory language and common law causes of action, as Plaintiffs did here, is not the same as pleading actionable facts to which a cause of action should apply.  Thus, there is no reasonable basis for the Court to predict that Plaintiffs might be able to recover against Hendrixson. *Griggs*, 181 F.3d at 699-701; *Keen*, 875 F.Supp.2d at 686 (because Plaintiff's claims against the adjuster are identical to his claims against the insurer, Plaintiff fails

to adequately state a claim against the adjuster); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 2009 WL 1437837, at *3-4 (N.D. Tex. 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Lakewood Chiropractic Clinic*, 2009 WL 3602043, at *3 (S.D. 2009) (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery).

14.     Further, without asserting facts as to how Hendrixson individually, and not as an independent adjuster assigned by Lexington, committed an actionable *violation* of the Texas Insurance Code, Plaintiffs' claims cannot survive dismissal.   See *Bell Atlantic Corp. vs. Twombly*, 550 U.S. 544, 555 (2007).   Generic allegations will not support an arguable basis of individual liability against the individual Non-Insurer Defendants.   *Caballero v. State Farm Lloyds*, 2003 WL 23109217 (S.D.Tex. 2003) (Hudspeth, J.) (not designated for publication). Texas law is clear that to be liable for alleged Insurance Code violations, the adjuster, individually, must have committed the violation that caused the harm. *Frisby v. Lumberman's Mut. Cas. Co.*, 500 F.Supp.2d 697 (S.D.Tex. 2007).   Here, the alleged harm is Lexington's underpayment of the claim.

15.     "[T]o state a valid state law cause of action, Plaintiffs' Petition must demonstrate a 'factual fit' between the allegations and the pleaded theory of recovery." *See First Baptist Church of Mauriceville, Texas v. Guideone Mut. Ins. Co.*, 2008 WL 4533729 (E.D.Tex. 2008 (not designated for publication) (Hines, J.) *See also Terrell v. Ace European Group Ltd.*, No. 1:09-cv-506, slip op. at 12 (E.D. Tex. Feb. 24, 2010) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999)).   However, it fails to do so.   Mere recitals of the elements of a

cause of action supported by conclusory statements are insufficient to establish a state law cause of action. *See Ashcroft v. Iqbal*, 129 S.Ct 1297 (2009). It is not the law in Texas that any time an adjuster writes an estimate below a policy's deductible or for less than full limits of the policy that a reasonable possibility of recovery against him/her individually exists because he/she theoretically could have possibly violated the Insurance Code. *McGinty v. Hennen*, 372 S.W.3d 625, 658 (Tex. 2012) (overturning a jury verdict finding that an expert's repair estimate using Xactimate was not legally sufficient evidence of damages). The Court noted the expert's testimony that the software was widely used and explanation as to how he derived the figures in his estimate "did not in itself make the figure unreasonable." *Id.* at 627-28. This, however, is precisely the pleaded claims against Hendrixson in the Original Petition. As pleaded, these claims are not actionable, and the claims against Hendrixson are asserted only in an attempt to defeat diversity jurisdiction.

16.     The claim at issue, no matter how Plaintiffs couch it in the lawsuit, is whether Lexington owes Plaintiffs any amount for a covered loss. Plaintiffs' claims are for economic losses against Lexington, which are contractual claims. Further, a *bona fide* dispute as to coverage or the amount of the claim precludes claims of bad faith and Insurance Code violations as a matter of law. Therefore, Plaintiffs' assertions against Hendrixson, the non-diverse defendant, fail to show any likelihood of recovery against Hendrixson, individually. The citizenship of the non-diverse Defendant Hendrixson, therefore, is disregarded and removal of this case is proper.

**b.** **The amount in controversy exceeds the jurisdictional requirements for subject matter jurisdiction.**

17.    As alleged in their Original Petition, Plaintiffs stipulate that they seek monetary relief between $200,000 and $1,000,000. *See* Plaintiff's Original Petition, paragraph 5 (**Exhibit A**). Therefore, the amount in controversy exceeds the jurisdictional requirements for removal.

### III.

### The Removal is Procedurally Correct

18.    Because it is being filed within 30 days after the case became removable and within one year from the commencement of the action, the removal is timely under 28 U.S.C. § 1446(b) and (c).

19.    Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

20.    Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

21.    Promptly after Lexington files this Notice of Removal, written notice of the filing will be given to Plaintiff pursuant to 28 U.S.C. §1446(d).

22.    Promptly after Lexington files this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Bexar County District Court pursuant to 28 U.S.C. §1446(d).

23.    Consent of an improperly joined defendant is not necessary for removal.

IV.

Conclusion

24.   Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Lexington hereby removes this case to this Court for trial and determination.

Respectfully submitted,

By:     /s/ Jennifer M. Kearns

**Jennifer M. Kearns**
State Bar No. 24049865
**Leticia "Letty " P. Aguilar**
State Bar No. 24085164
Thompson, Coe, Cousins & Irons, L.L.P.
701 Brazos, Suite 1500
Austin, Texas  78701
Telephone:  (512) 703-5032
Facsimile:  (512) 708-8777
jkearns@thompsoncoe.com
laguilar@thompsoncoe.com

**ATTORNEYS FOR DEFENDANTS**
**LEXINGTON INSURANCE COMPANY AND**
**DAN HENDRIXSON**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15ᵗ day of December, 2016, a true and correct copy of the foregoing instrument was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure and any applicable Local Rules, as follows:

Marc K. Whyte
WHYTE PLLC
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone (210) 562-2888
Facsimile (210) 562-2873
mwhtye@whytepllc.com
jsaenz@whytepllc.com

Thomas "Tom" Bagby
TOM BAGBY LAW FIRM, PLLC
300 Austin Highway, Suite 100
San Antonio, Texas 78209
Telephone (210) 225-2000
Facsimile (210) 342-5087
tbagby@tombagbylaw.com

_/s/ Jennifer M. Kearns_
Jennifer M. Kearns

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **SUSAN G. WISE AND WADE WISE** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO.** 16-1266 |
| **LEXINGTON INSURANCE COMPANY** | § | |
| **AND DAN HENDRIXSON** | § | |
| | § | |
| **Defendants.** | § | |

## INDEX OF EXHIBITS FILED WITH NOTICE OF REMOVAL

A.   Index of matters filed with the attached State Court Clerk's file including processes, pleadings and orders served in State Court case and copy of the State Court Docket Sheet

B.   List of parties and counsel



EXHIBIT

A

 

GERARD C. RICKHOFF                    DONNA KAY McKINNEY
**COUNTY CLERK & DISTRICT CLERK**
**COURT RECORDS SEARCH**

# Case #2016CI19503

**Name:** SUSAN G WISE

**Date Filed :** 11/08/2016

**Case Status :** PENDING

**Litigant Type :** PLAINTIFF

**Court :** 150

**Docket Type**
: DEBT/CONTRACT

**Business Name :**

**Style :** SUSAN G WISE ET AL

**Style (2) :** vs LEXINGTON INSURANCE COMPANY ET AL

# Case History

*Currently viewing 1 through 5 of 5 records*

| Sequence | Date Filed | Description |
|----------|------------|-------------|
| P00003 | 12/12/2016 | ORIGINAL ANSWER OF<br>LEXINGTON INSURANCE COMPANY AND DAN HEND<br>RIXSON |
| S00002 | 11/10/2016 | CITATION CERTIFIED MAIL<br>DAN HENDRIXSON<br>ISSUED: 11/10/2016 RECEIVED: 11/10/2016<br>EXECUTED: 11/15/2016 RETURNED: 11/16/2016 |
| S00001 | 11/10/2016 | CITATION CERTIFIED MAIL<br>LEXINGTON INSURANCE COMPANY<br>ISSUED: 11/10/2016 RECEIVED: 11/10/2016<br>EXECUTED: 11/16/2016 RETURNED: 11/16/2016 |
| P00002 | 11/9/2016 | SERVICE ASSIGNED TO CLERK 2 |
| P00001 | 11/8/2016 | PETITION |

FILED
11/8/2016 4:08:23 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Maria Jackson

## 2CITCML TX DPT INS SAC 2

CAUSE NO. **2016CI19503**

| | | |
|---|---|---|
| SUSAN G. WISE AND WADE WISE | § | IN THE DISTRICT COURT |
|    Plaintiffs | § | |
| | § | |
| VS. | § | **150TH** JUDICIAL DISTRICT |
| | § | |
| LEXINGTON INSURANCE | § | |
| COMPANY and | § | |
| DAN HENDRIXSON | § | BEXAR COUNTY, TEXAS |
|    Defendants | | |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

     **SUSAN G. WISE AND WADE WISE**, Plaintiffs herein, file this Original Petition against

Defendants, LEXINGTON INSURANCE COMPANY and DAN HENDRIXSON and, in support of

Plaintiff's causes of action, would respectfully show the Court the following:

### I. THE PARTIES

    **1.**    Plaintiff is a Texas resident who resides in BEXAR County, Texas. Said property is

located at: 646 Ivy Lane, San Antonio, Texas 78209.

    **2.**    **LEXINGTON INSURANCE COMPANY** is a surplus lines foreign corporation

authorized to engage in the insurance business in the State of Texas, and who issued a policy of

insurance to Plaintiff named above. The Defendant may be served by serving **the Commissioner of

Insurance, Texas Department of Insurance, 333 Guadalupe Street, Austin, Texas 78701; WHO

SHALL THEN SERVE Quirk & Company, 10001 Reunion Pl., Suite 100; San Antonio, Texas

78279. Service is requested by certified mail, return receipt requested at this time for both

Citations to the Commissioner of Insurance and Quirk & Company.**

    **3.**

3.      Defendant, **DAN HENDRIXSON**, is a licensed insurance adjuster residing in the State of Texas, and may be served with process of service by certified mail, return receipt requested, at: Quirk & Company C/O Dan Hendrixson, 10001 Reunion Pl Ste 100, San Antonio, Texas 78279.

## II. DISCOVERY

4.      This case is intended to be governed by Discovery Level 2.

## III. CLAIM FOR RELIEF

5.      The damages sought are within the jurisdictional limits of this court. Plaintiff currently seeks monetary relief over $200,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. However, to the extent that Defendants refuse to cooperate in discovery, make frivolous and unwarranted objections, file needless motions, quash depositions and discovery requests without a reasonable basis, assert unjustified or false affirmative defenses, make unwarranted special exceptions, hire individuals they claim to be "experts" who give false opinions or testimony, produce witnesses who commit perjury, conduct excessive discovery, or otherwise needlessly delay litigation, the costs, expenses, interest, and attorney's fees will likely be over $200,000 but not more than

$1,000,000.

## IV. JURISDICTION AND VENUE

6.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

7.      Venue is proper in BEXAR County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

2

### V. FACTUAL BACKGROUND

8.      Plaintiff is a named insured under a residential property insurance policy issued by LEXINGTON INSURANCE COMPANY.

9.      On or about APRIL 12, 2016, a storm hit the BEXAR County area, damaging Plaintiff's residential property. Plaintiff subsequently filed a claim on Plaintiff's insurance policy.

10.     Defendants improperly denied and/or underpaid the claim.

11.     DAN HENDRIXSON was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection.

12.     DAN HENDRIXSON's unreasonable investigation led to the underpayment of Plaintiff's claim.

13.     Moreover, LEXINGTON INSURANCE COMPANY AND DAN HENDRIXSON performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

### VI. CAUSES OF ACTION

14.     Each of the foregoing paragraphs is incorporated by reference in the following:

### I.      Breach of Contract (LEXINGTON INSURANCE COMPANY Only)

15.     LEXINGTON INSURANCE COMPANY had a contract of insurance with Plaintiff. LEXINGTON INSURANCE COMPANY breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

16.     Specifically, DAN HENDRIXSON, Claim Professional for LEXINGTON INSURANCE COMPANY, undervalued damage to Plaintiff's property.

17.     As a result of DAN HENDRIXSON's, material misrepresentation; LEXINGTON INSURANCE COMPANY wrongfully denied Plaintiff's claim even though the Plaintiff had a

3

policy to protect the property. Consequently, LEXINGTON INSURANCE COMPANY breached the terms of the contract when it denied the claim to the detriment of the Plaintiff.

**II.     Prompt Payment of Claims Statute (LEXINGTON INSURANCE COMPANY Only)**

18.     The failure of LEXINGTON INSURANCE COMPANY to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

19.     Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

20.     Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements, and forms Lexington reasonably believed would be required within the time constraints provided by Tex. Ins. Code § 542.055; Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or Delaying payment of the Claim following Lexington's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

21.     Specifically, the damage to Plaintiff's residential property occurred as a result of a wind/hail storm that occurred on APRIL 12, 2016. Accordingly, it has been well over sixty (60) days since the date the damage occurred to the Plaintiff's residential property (in accordance with Article 542.058 of the Texas Insurance Code), which, in turn, causes the Plaintiff to be entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

**III.    Unfair Settlement Practices / Bad Faith (LEXINGTON INSURANCE COMPANY AND DAN HENDRIXSON)**

**A.     Actionable Conduct of Defendant (LEXINGTON INSURANCE COMPANY)**

22.     Defendants are required to comply with Chapter 541 of the Texas Insurance

4

Code.

23.     Defendants violated § 541.051 of the Texas Insurance Code by:

(1)     making statements misrepresenting the terms and/or benefits of the policy.

24.     Defendants violated § 541.060 by:

(1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3      failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5)     refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

25.     Defendants violated § 541.061 by:

(1)     making an untrue statement of material fact;

(2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3      making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)     making a material misstatement of law; and

(5)     failing to disclose a matter required by law to be disclosed.

26.     At all material times hereto, Plaintiff was a consumer who purchased insurance

5

products and services from Defendants.

**B.**    **Actionable Conduct of Defendant (DAN HENDRIXSON)**

27.    Defendant DAN HENDRIXSON, as a contractor and/or adjuster assigned by LEXINGTON INSURANCE COMPANY to assist with adjusting the Claim. With regard to the adjuster Defendant named herein, Plaintiff alleges said adjuster made specific misrepresentations in violation of the Texas Insurance Code, §541.002, §541.060, §541.061 and §541.003, to include, but not limited to misrepresenting the scope of damages caused by the covered wind/hail peril. Said Defendant adjuster also misrepresented the true cost of repairing all of the damages caused by the storm, such as damages to the roof and exterior structures caused by a wind/hail storm. Consequently, Defendant significantly underpaid the claim to the detriment of the insured. The named Defendant adjuster acted with actual awareness that said Defendant adjuster was misrepresenting the true scope and cost of repair in the estimate the Defendant adjuster prepared. Therefore, as an "Adjuster", the Defendant adjuster meets the definition of "person" under §541.002, and therefore liable under §541.003 et seq. of the Texas Insurance Code. The Defendant adjuster misled Plaintiff. The acts and omissions of the Defendant adjuster violate 541 and §542 of the Texas Insurance Code, for which Plaintiff seeks damages.

28.    Further, the above named adjuster in this litigation committed various acts and omissions violative of the Texas Insurance Code to include performing an incomplete visual inspection of the property, and failing to inspect all affected areas; said named adjuster undervalued damages and failed to allow for adequate funds to cover the costs of repairs, and set out to deny properly covered damages. These actions on the part of this named adjuster resulted in underpayment to the Plaintiff, as well as delay in Plaintiff's ability to fully repair the insured property.

The above named adjuster in this suit conducted an outcome-oriented investigation designed to minimize the Plaintiff's claim, and failed to promptly provide the Plaintiff with a reasonable

6

explanation of the basis of the policy in relation to the facts or applicable law, for the claim decision. The named adjuster's actions constitute unfair method of competition and an unfair or deceptive act in the business of insurance.

29.     As a result of DAN HENDRIXSON material misrepresentation, LEXINGTON INSURANCE COMPANY wrongfully denied Plaintiff's claim even though the Plaintiff had a policy to protect the property. Consequently, LEXINGTON INSURANCE COMPANY breached the terms of the contract when it denied the claim to the detriment of the Plaintiff.

## IV.     Breach of Duty of Good Faith and Fair Dealing Against LEXINGTON INSURANCE COMPANY

30.     Defendant, LEXINGTON INSURANCE COMPANY, breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when LEXINGTON INSURANCE COMPANY knew or should have known liability was reasonably clear.  Defendant, LEXINGTON INSURANCE COMPANY is therefore liable to Plaintiff.

## V.     Attorneys' Fees

31.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

32.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

33.     Plaintiff further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152

7

542.060 of the Texas Insurance Code.

## VII. CONDITIONS PRECEDENT

34.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

## VIII. DEMAND FOR JURY

35.     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## IX. DISCOVERY REQUESTS

36.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

37.     You are also requested to respond to the attached interrogatories, requests for production and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, Plaintiff recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show it be justly entitled.

8

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone:     (210) 562-2888
Telecopier:     (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By:     /s/ Marc K. Whyte
        MARC K. WHYTE
        State Bar No. 24056526

Respectfully submitted,

**TOM BABGY LAW FIRM, PLLC**
300 Austin Highway, Suite 100
San Antonio, Texas 78209
Telephone:     (210) 225-2000
Telecopier:     (210) 342-5087
Email: tbagby@tombagbylaw.com

By:     /s/ Thomas "Tom" Bagby
        THOMAS "TOM" BAGBY
        State Bar No. 24059409

**ATTORNEYS FOR PLAINTIFFS**

## PLAINTIFFS' FIRST SET OF INTERROGATORIES,
## REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COMES NOW Plaintiff(s) in the above-styled and numbered cause, and requests that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Admissions separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Admissions on Plaintiff by and through his/her attorneys of record, Marc K. Whyte, WHYTE PLLC, 1045 Cheever Blvd., Suite 103, San Antonio, Texas 78217; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service to WHYTE PLLC. You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

    a.    You know the response made was incorrect or incomplete when made; or

    b.    You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

## DEFINITIONS AND INSTRUCTIONS

A.    These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.    If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C.    If you claim that any document which is required to be identified or produced by you in any response is privileged:
        1. Identify the document's title and general subject matter;
        2. State its date;
        3. Identify all persons who participated in its preparation;

10

    4. Identify the persons for whom it was prepared or to whom it was sent;

    5. State the nature of the privilege claimed; and

    6. State in detail each and every fact upon which you base your claim for privilege.

D.    "Documents," includes any written, recorded or graphic matter, however produced or reproduced, of every kind regardless of where located including, but not limited to, medical records, tax returns, earnings statements, any summary, schedule, memorandum, note, statement, letter, telegraph, interoffice communication, report, diary, ledger, journal, log, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, worksheet, cost sheet, list, graph, chart, telephone or oral conversation, study, analysis, transcript, minutes, accounting records, data sheet, tally or similar freight documents, computer printout, electronic mail, computer disk, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control or in the possession, custody or control of any director, officer, employee, servant or agent of yours or your attorneys. The term "documents" shall also include the files in which said documents are maintained. Electronically stored information should be produced in PDF format.

E.    "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

F.    In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:

    1. His or her name;

    2. His or her last known business and residence address and telephone number; and

    3. His or her business affiliation or employment at the date of the transaction, event or matter referred to.

G.    If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

H.    "Plaintiff" and "Plaintiff" includes all Plaintiff, and refers to a single Plaintiff or multiple Plaintiff, if applicable.

I.    "Property" means the property at issue in the lawsuit.

J.    "Lawsuit" means this lawsuit.

11

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas  78217
Telephone:     (210) 562-2888
Facsimile:     (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By: _____
MARC K. WHYTE
State Bar No. 24056526

Respectfully submitted,

**TOM BABGY LAW FIRM, PLLC**
300 Austin Highway, Suite 100
San Antonio, Texas  78209
Telephone:     (210) 225-2000
Telecopier:     (210) 342-5087
Email: tbagby@tombagbylaw.com

By: ___/s/ Thomas "Tom" Bagby_____
THOMAS "TOM" BAGBY
State Bar No. 24059409

**ATTORNEYS FOR PLAINTIFFS**

12

## INTERROGATORIES TO DEFENDANT

1. Identify the name, address, and role in the claim made the basis of this Lawsuit, if any, for all persons providing information for the answers these interrogatories.

   ANSWER:

2. Identify all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

   ANSWER:

3. Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under either the policy or the Texas Insurance Code, and, if so, describe how the notice was deficient, and identify any resulting prejudice caused to Defendant.

   ANSWER:

4. Does Defendant claim that Plaintiff(s) failed to mitigate his or her damages? If so, describe how Plaintiff failed to do so, identifying any resulting prejudice caused to Defendant.

   ANSWER:

5. Does Defendant contend that Plaintiff(s) failed to provide Defendant with requested documents and/or information? If so, identify all requests to which Plaintiff(s) did not respond and state whether you denied any portion of the claim based on Plaintiff's(s') failure to respond.

   ANSWER:

6. At the time the claim made the basis of this Lawsuit was investigated and the Property inspected (and prior to anticipation of litigation), describe all damage attributable to the storm observed at the Property by Defendant or any persons or entities on behalf of Defendant.

   ANSWER:

7. Identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

   ANSWER:

13

8.  Describe how Defendant determined whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, identifying the criteria for that determination.

    ANSWER:

9.  Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

    ANSWER:

10. To the extent Defendant utilized an estimating software program and modified the manufacturer's settings with respect to Plaintiff' claim, identify those modifications.

    ANSWER:

11. State whether Defendant applied depreciation to the tear off of the damaged roof and/or other debris removal in the claim made the basis of this Lawsuit, identifying the basis for that depreciation and the applicable policy section under which the tear off was paid under.

    ANSWER:

12. Identify all price lists used to prepare all estimates on the claim made the basis of this Lawsuit, stating the manufacturer, version, date and geographical area.

    ANSWER:

13. To extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis this Lawsuit.

    ANSWER:

14. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 that were discovered on this claim during the claims handling process.

    ANSWER:

15. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 542 that were discovered on this claim during the claims handling process.

    ANSWER:

14

## REQUESTS FOR PRODUCTION TO DEFENDANT

1.  The following insurance documents issued for the Property as identified in the Petition:
    a. the policy at issue for the APRIL 12, 2016 as identified in the Petition; and
    b. the policy declarations page for the 3 years preceding the storm and any endorsements.

    RESPONSE:

2.  Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property at issue. This request is limited to the past 5 years. To the extent Defendant contends that the underwriting file or documents older than 5 years impact the damages or coverage, produce that underwriting file or document.

    RESPONSE:

3.  All documents relating to the condition or damages of the Property or any insurance claim on the Property.

    RESPONSE:

4.  All documents relating to any real property insurance claims made by the Plaintiff(s). This request is limited to the past 5 years. To the extent Defendant contends that documents older than 5 years impact the damages or coverage, produce that document.

    RESPONSE:

5.  All requests for information to any third party about the Property, the Plaintiff(s), or the claims made the basis of this Lawsuit.

    RESPONSE:

6.  All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage.

    RESPONSE:

7.  All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Property made the basis of this lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

    RESPONSE:

8.      Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

        RESPONSE:


9.      A complete copy the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

        RESPONSE:

10.     If an engineer and/or engineering firm evaluated the Property, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 5 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

        RESPONSE:


11.     All documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

        RESPONSE:

12.     All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

        RESPONSE:

13.    All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the hail storms occurring in the county of suit on or about the APRIL 12, 2016 claimed by Plaintiff(s).

RESPONSE:


14.    All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiff' claim.

RESPONSE:


15.    The claim file related to the claim made the basis of this lawsuit, including all communications between Plaintiff and Defendant, and any of Defendant's agents.

RESPONSE:

## FIRST SET OF REQUESTS FOR ADMISSIONS
## TO DEFENDANT

**REQUEST FOR ADMISSION NO. 1.** Admit you committed statutory bad faith in adjusting
Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 2.** Admit you committed common law bad faith in adjusting Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 3.** Admit you breached the insurance agreement by failing to pay the full amount owed there under.

RESPONSE:

**REQUEST FOR ADMISSION NO. 4.** Admit you breached the insurance agreement by failing to pay the full amount owed there under on a timely basis.

RESPONSE:

**REQUEST FOR ADMISSION NO. 5.** Admit you breached the Texas Prompt Payment Act by failing to pay the full amount owed under the policy in a timely fashion.

RESPONSE:

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone:      (210) 562-2888
Facsimile:      (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By: _____
MARC K. WHYTE
State Bar No. 24056526

Respectfully submitted,

**TOM BABGY LAW FIRM, PLLC**
300 Austin Highway, Suite 100
San Antonio, Texas 78209
Telephone:      (210) 225-2000
Telecopier:     (210) 342-5087
Email: tbagby@tombagbylaw.com

By: /s/ Thomas "Tom" Bagby_____
THOMAS "TOM" BAGBY
State Bar No. 24059409

**ATTORNEYS FOR PLAINTIFFS**

19

## PLAINTIFFS' REQUESTS FOR DISCLOSURE TO DEFENDANT

Pursuant to Texas Rule of Civil Procedure 194, you are hereby requested to disclose, within

fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-

(k), as described below:

(a)　　the correct names of the parties to the lawsuits;

(b)　　the name, address, and telephone number of any potential parties;

(c)　　the legal theories and, in general, the factual basis of Plaintiff' claims;

(d)　　the amount and any method of calculating economic damages;

(e)　　the name, address and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f)　　for any testifying expert:

　　(1)　　the expert's name, address and telephone number;

　　(2)　　the subject matter on which the expert will testify;

　　(3)　　the general substance of the expert's mental impressions and opinions and a brief summary of the basis of them, or if the expert is not retained by, employed, or otherwise subject to the control of Plaintiff, documents reflecting such information;

　　(4)　　if the expert is retained, employed by or otherwise subject to the control of Plaintiff:

　　　　(A)　　all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony;

　　　　(B)　　the expert's current resume and bibliography;

(g)　　any indemnity or insuring agreements;

(h)　　any settlement agreements, described in Rule 192.3(g);

(i)　　any witness statements, described in Rule 192.3(h);

(j)　　all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k)　　all medical records and bills obtained by the responding party by the responding party by virtue of an authorization furnished by the requesting party.

I.

In accordance with Texas Rule of Civil Procedure 194.3, please serve written responses

within fifty (50) days after service of this request.

20

## II.

In compliance with Rule 194.4 of the Texas Rules of Civil Procedure, please produce responsive documents to WHYTE PLLC, 1045 Cheever Blvd, Suite 103, San Antonio, Texas 78217.

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone: (210) 562-2888
Facsimile: (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By: /s/ Marc. K. Whyte
MARC K. WHYTE
State Bar No. 24056526

Respectfully submitted,

**TOM BABGY LAW FIRM, PLLC**
300 Austin Highway, Suite 100
San Antonio, Texas 78209
Telephone: (210) 225-2000
Telecopier: (210) 342-5087
Email: tbagby@tombagbylaw.com

By: /s/ Thomas "Tom" Bagby
THOMAS "TOM" BAGBY
State Bar No. 24059409

**ATTORNEYS FOR PLAINTIFFS**

21

FILED
12/12/2016 1:00:23 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Larry Botello Jr.

## CAUSE NO. 2016CI19503

| | | |
|---|---|---|
| **SUSAN G. WISE AND WADE WISE** | § | **IN THE DISTRICT COURT** |
| *Plaintiffs,* | § | |
| | § | |
| | § | |
| **VS.** | § | **150TH  JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **LEXINGTON INSURANCE COMPANY** | § | |
| **AND DAN HENDRIXSON,** | § | **BEXAR COUNTY, TEXAS** |
| *Defendants.* | | |

## DEFENDANTS LEXINGTON INSURANCE COMPANY AND DAN HENDRIXSON'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants LEXINGTON INSURANCE COMPANY AND DAN HENDRIXSON and files this, its Original Answer in response to Plaintiffs' Original Petition, and would respectfully show the Court as follows:

### I.
### GENERAL DENIAL

Pursuant to Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants assert a general denial and demand that Plaintiffs be required to prove their charges and allegations by a preponderance of the evidence as required by law.

### II.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants LEXINGTON INSURANCE COMPANY AND DAN HENDRIXSON pray that Plaintiffs recover nothing of and from Defendants and that Defendants receive all costs of Court and such other and further relief, both at law and in equity, to which Defendants may show themselves to be justly entitled.

Respectfully submitted,

By:   _/s/ Jennifer M. Kearns_____
**Jennifer M. Kearns**
State Bar No. 24049865
**Leticia "Letty" P. Aguilar**
State Bar No. 24085164
Thompson, Coe, Cousins & Irons, L.L.P.
701 Brazos, Suite 1500
Austin, Texas 78701
Telephone: (512) 703-5032
Facsimile: (512) 708-8777
jkearns@thompsoncoe.com
laguilar@thompsoncoe.com

**ATTORNEYS FOR DEFENDANTS
LEXINGTON INSURANCE COMPANY AND
DAN HENDRIXSON**

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of December, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties in accordance with the Texas Rules of Civil Procedure:

Marc K. Whyte
WHYTE PLLC
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone (210) 562-2888
Facsimile (210) 562-2873
mwhtye@whytepllc.com
jsaenz@whytepllc.com

Thomas "Tom" Bagby
TOM BAGBY LAW FIRM, PLLC
300 Austin Highway, Suite 100
San Antonio, Texas 78209
Telephone (210) 225-2000
Facsimile (210) 342-5087
tbagby@tombagbylaw.com

_/s/ Jennifer M. Kearns_____
Jennifer M. Kearns

2610273v1
07542.069

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SUSAN G. WISE AND WADE WISE | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 16-1266 |
| LEXINGTON INSURANCE COMPANY | § | |
| AND DAN HENDRIXSON | § | |
| | § | |
| Defendants. | § | |

## LIST OF PARTIES AND COUNSEL

### Counsel for Plaintiff

**Marc K. Whyte**
WHYTE PLLC
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone (210) 562-2888
Facsimile (210) 562-2873
mwhtye@whytepllc.com
jsaenz@whytepllc.com

**Thomas "Tom" Bagby**
TOM BAGBY LAW FIRM, PLLC
300 Austin Highway, Suite 100
San Antonio, Texas 78209
Telephone (210) 225-2000
Facsimile (210) 342-5087
tbagby@tombagbylaw.com

### Counsel for Defendants Lexington Insurance Company and Dan Hendrixson

**Jennifer M. Kearns**
State Bar No. 24049865
**Leticia "Letty " P. Aguilar**
State Bar No. 24085164
Thompson, Coe, Cousins & Irons, L.L.P.
701 Brazos, Suite 1500
Austin, Texas 78701
Telephone: (512) 708-8200
Facsimile: (512) 708-8777
jkearns@thompsoncoe.com
laguilar@thompsoncoe.com



EXHIBIT
**B**