UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SUSAN WISE and WADE WISE,  )<br>)<br>    Plaintiffs,  )<br>)<br>VS.  )<br>)<br>LEXINGTON INSURANCE COMPANY  )<br>and DAN HENDRIXSON,  )<br>)<br>    Defendants.  ) | Civil Action No.  SA-16-CA-1266-XR |

**REMAND ORDER**

On this date, the Court considered its jurisdiction over this removed case. This Court has a duty to examine its subject matter jurisdiction, and must do so *sua sponte* when necessary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). Defendant Lexington Insurance Company removed this case, alleging diversity jurisdiction. Lexington contends that its citizenship is diverse from Plaintiffs' citizenship, and that non-diverse Defendant Dan Hendrixson is improperly joined. After careful consideration, the Court finds that Lexington has failed to establish improper joinder and remands this case.

**I. Legal Standard**

A party may remove an action from state court to federal court if the action is one over which the federal court possesses original subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). Citizenship of the parties and amount in controversy are based on the facts as they existed at the time removal. *Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The removal statute is strictly construed in favor of remand. *Vantage Drilling Co. v. Hsin-Chi Su,* 741 F.3d 535, 537 (5th Cir. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

A removing party can establish federal jurisdiction based on 28 U.S.C. § 1332 by

demonstrating that an in-state defendant has been "improperly joined." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To establish improper joinder, a removing party must show an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003). A plaintiff cannot establish a cause of action against an in-state defendant if there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. However, in some cases a plaintiff may state a claim, but misstate or omit discrete facts that would determine the propriety of joinder, in such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573. The burden is on the removing party, and the burden of demonstrating improper joinder is a heavy one. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)).

## II. Analysis

In its Notice of Removal, Lexington argues that Hendrixson is improperly joined. Although it acknowledges that an insurance adjuster may be held liable for violations of Chapter 541 of the Texas Insurance Code, it argues that a plaintiff must allege facts showing that the adjuster, as an individual, committed a violation. Lexington argues that Plaintiffs have failed to "offer any specific facts in support of their claims against Hendrixson, the non-diverse defendant, that are distinct from Plaintiffs' claims against Lexington, and therefore fail to state a viable state law claim against Hendrixson, individually."

An adjuster may be a "person" who is "engaged in the business of insurance" for purposes of violations of some provisions of the Texas Insurance Code. TEX. INS. CODE § 541.002 ("In this chapter . . . 'person' means an individual, corporation, association, . . . other legal entity engaged in the business of insurance, including an agent, broker, adjuster, or life and health insurance counselor."); *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007).

Courts have noted the many seemingly inconsistent cases both remanding and denying remand in cases involving claims against an insurer and an adjuster, with one court stating that the different results depend upon the differences in the underlying petitions and the difficulty in applying the improper joinder standard. *Blanchard v. State Farm Lloyds*, 206 F. Supp. 2d 840, 847 & n.1 (S.D. Tex. 2001); *see also Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, No. 4:09-CV-165-A, 2009 WL 1437837 (N.D. Tex. May 22, 2009) (noting the numerous cases remanding similar cases but finding them factually distinguishable because plaintiff did not allege specific, actionable conduct by adjuster).

In *Keen v. Wausau Business Ins. Co.*, 875 F. Supp. 2d 682, 686 (S.D. Tex. 2012), the district court held that the plaintiff improperly joined the claims adjuster because his allegations against the adjuster were an almost verbatim recitation of the allegations against the insurer that the insurer failed to conduct a reasonable and objective investigation of the facts giving rise to the plaintiff's claim. The *Keen* court cited its earlier opinion in *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, No. H-10-1846, 2011 WL 240335, at *14 (S.D. Tex. Jan. 20, 2011), in which it stated that when an adjuster's actions "'can be accomplished by [the insurer] through an agent' and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions 'are indistinguishable from [the insurer's] actions' and hence are insufficient to support a claim against the adjuster." *Keen*, 875 F. Supp. 2d at 686 (*quoting Centro Cristiano*, 2011 WL 240335, at *14).

In *TAJ Props., LLC v. Zurich Am. Ins. Co.*, No. H-10-25-12, 2010 WL 4923473, at *4 (S.D. Tex. Nov. 29, 2010), the court noted that Texas law recognizes claims against insurance adjusters in their individual capacities, but noted that the plaintiff alleged "nothing against [the adjuster] by name in the 'Facts' or 'Causes of Action' sections" and only recited allegations against "Defendants" generally. 2010 WL 4923473, at *3. The court noted that the allegations concerning defendants' conduct were "near verbatim recitations of portions of Chapter 541 of the Texas Insurance Code" and failed "to allege facts describing any actionable conduct by [the adjuster] individually." *Id*. at *4.

However, in other cases, courts have not found improper joinder where the petition alleges facts or claims specific to the adjuster or asserts some claims against the adjuster, some claims against the insurer, and some claims against both. *See Cruz v. Standard Guaranty Ins. Co.*, No.

H-10-352, 2010 WL 2269846, at *3 (S.D. Tex. June 4, 2010); *Leisure Life Senior Apartment Housing II, Ltd. v. Lloyds of London*, No. H-09-3067, 2009 WL 3834407 (S.D. Tex. Nov. 12, 2009) (no improper joinder where plaintiff clearly differentiated between the conduct of the insurer and adjusters and alleged that adjusters violated Insurance Code by failing to attempt in good faith to effect a prompt, fair, and equitable settlement and by failing to affirm or deny coverage within a reasonable time). In *Leisure Life*, the court remanded the case where the plaintiff alleged that the adjuster failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement

Plaintiffs here do allege facts specific to Hendrixson and the Court is able to discern which actions by Hendrixson Plaintiff complains of.  Lexington acknowledges that Plaintiffs' petition alleges that Hendrixson was assigned as the individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all damages that he noted during the inspection, and undervalued the damage he observed during the inspection, and that his unreasonable investigation led to the underpayment of Plaintiffs' claim. Plaintiffs also separately allege the actionable conduct by Hendrixson, including that Hendrixson individually made specific misrepresentations in violation of the Texas Insurance Code, §541.002, §541.060, §541.061 and §541.003, to include, but not limited to misrepresenting the scope of damages caused by the covered wind/hail peril and "the true cost of repairing all of the damages caused by the storm, such as damages to the roof and exterior structures caused by a wind/hail storm."  Plaintiffs also allege that Hendrixson "committed various acts and omissions violative of the Texas Insurance Code to include performing an incomplete visual inspection of the property, and failing to inspect all affected areas; said named adjuster undervalued damages and failed to allow for adequate funds to cover the costs of repairs, and set out to deny properly covered damages."

Accordingly, Lexington has failed to establish that Plaintiff has no reasonable likelihood of prevailing on its claims against Hendrixson, and thus has failed to meet its heavy burden of establishing improper joinder.

## Conclusion

The Court finds that Lexington has failed to meet its heavy burden of establishing that Hendrixson was improperly joined, and that diversity jurisdiction is therefore lacking.

This case is therefore REMANDED pursuant to 28 U.S.C. § 1447(c),(d) for lack of subject matter jurisdiction.

It is so ORDERED.

SIGNED this 27th day of December, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE